DOROTHY HILLERBRAND, by her next friend, Respondent, v. MAY MERCANTILE COMPANY, Appellant.

St. Louis Court of Appeals, July 20, 1909.

1. NEGLIGENCE: Children: Dangerous Premises: Stairway: Question for Jury. In an action by a three-year-old child for injuries sustained by it by putting its hand into an uncovered box wherein the handrail of a moving stairway ran, the determination of defendant's negligence depends upon whether the aperture and the rail running into it were dangerous to a child who meddled with them and so likely to excite the curiosity of children and thus induce them to meddle, that a person of ordinary prudence would have anticipated and guarded against the risk; and this is a question for the jury to determine.

2. ———: ———: ———: ———: Evidence: Inferences May be Drawn from Common Knowledge. Although no testimony was given that other children had been allured by the stairway or the rail running into the box, yet the jury had the right to say from their knowledge of the instincts of childhood that the construction and movement of the machinery was likely to excite a child's curiosity and allure it into thrusting its hand into the box.

3. ———: Contributory Negligence: Three-year-old child. A three-year-old child is too young to be guilty of contributory negligence.

4. ———: Children: Dangerous Premises: Degree of Care. A proprietor of premises who invites children on them must use care to keep them reasonably safe, not omitting precautions against injury from childish impulses; and when he uses dangerous instruments, machinery or vehicles, knowing infants,

idiots and others of imperfect discretion are in close proximity, he is compelled to use a degree of caution, skill and diligence not required of him in the case of mature persons.

5. ————: **Demurrer to Evidence: Appliance in Common Use: Conflicting Evidence.** The petition counted on the theory that the opening of the box into which plaintiff's hand was thrust was left uncovered, when out of proper regard for the safety of children it should have been covered. The evidence showed it was usual in well-managed establishments to cover the opening with wire gauze, and further showed that the stairway in question was similar to those in general use. As to whether there was a screen over the aperture at the time of the accident, or if not, when it had been removed or pushed down so as to be ineffective, or whether plaintiff herself pushed it down, the evidence would support different inferences. *Held*, that defendant was not entitled to a directed verdict on the ground that the stairway and its appliance were in a condition justified by common use, or that the box was properly screened.

6. ————: **Children: Dangerous Premises: Instructions.** Though no one saw how plaintiff's hand got into the box, the evidence warranted an inference that it was suddenly caught by the moving rail in consequence of having been thrust into the opening, and an instruction which left it to the jury to say whether her hand was caught suddenly "by the belt used in propelling the stairway" is substantially correct.

7. **DAMAGES: Future Suffering: Evidence.** In an action for personal injuries by a three-year-old child where there was evidence that when anything was put in her injured hand, she would act like she was hurt and transfer it to her other hand, and she continued to do this to the date of the trial and her father testified she had acted ever since the injury as if she was suffering, the court was justified in leaving it to the jury to say whether she would suffer pain in the future.

8. ————: **Excessive Verdict.** A verdict of $700 for injury to a hand of a child not involving the bones or ligaments, but an extensive superficial laceration, causing severe pain for weeks, and so affecting the hand as to change the child from a normal right-handed one to a left-handed one, and requiring portions of the skin or flesh to be cut away and treatment by a physician for four weeks, during the daily dressing of which she would scream loudly from pain, she having little use of the hand at the time of the trial and acting as though it hurt her, was not so unreasonable as to require interference.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

Hillerbrand v. Mercantile Co.

AFFIRMED.

*Jones, Jones, Hocker & Davis* for appellant.

(1) The court erred in refusing to give the instruction in the nature of a demurrer to the evidence offered at the close of the plaintiff's case in chief. Brands v. Car Co., 112 S. W. 511; Schmidt v. Distilling Co., 90 Mo. 284; Barney v. Railroad, 126 Mo. 372; Sullivan v. Railroad, 133 Mo. 1; American Brewing Co. v. Talbot, 141 Mo. 674; Houck v. Railroad, 116 Mo. App. 559; O'Hara v. Gas Light Co., 110 S. W. 642; Marcheck v. Klute, 113 S. W. 654. (a) There was a failure of proof of the essential allegations of the petition and the necessary elements of negligence. (b) There was no evidence that the moving handrail and hole in the frame of the moving stairway was attractive to children. (c) There was no evidence that defendant knew, or should have known that plaintiff or other children would be attracted by said stairway or its appliances and apt to put their hands in said hole. (d) There was no evidence that any children, before this accident, had been attracted by said stairway and hole. (e) There was no evidence that defendant knew or should have known that the hole was dangerous. (f) There was no evidence that said hole could be guarded or covered in such a way as to prevent an accident like this. (2) The court erred in refusing to give the instruction in the nature of a demurrer to the evidence offered at the close of the whole case. Barney v. Railroad, 126 Mo. 372; Gavin v. City, 97 Ill. 66; Armstrong v. Newbury, 67 Mich 250; Montgomery v. Booming Co., 88 Mich. 633. (a) Defendant's evidence showed that the moving stairway and its appliances were exactly like other moving stairways in general use in other department stores. (b) Defendant's evidence showed that there was no way to cover or guard said hole which would have prevented plaintiff's injury without rendering the use of said stairway dangerous to those riding on it. (c)

Plaintiff was not riding on the stairway. (3) The court erred in giving plaintiff's first instruction. (a), There was no evidence that plaintiff's hand was "caught by the belt used in propelling the said stairway;" (b) There was no evidence that the stairway was attractive to children; (c) There was no evidence "that defendant knew, or by the exercise of ordinary care, would have known that said stairway was attractive to children;" and, (d) There was no evidence "that defendant knew, or by the exercise of ordinary care would have known, that children of tender age would be attracted thereto and apt to put their hands into said hole or opening." (e) This instruction failed to require the jury to find that defendant knew, or ought to have known, that the place where plaintiff was injured was dangerous. Had there been any evidence to support such a finding the court should have included this element of negligence in the instruction, but there was no such evidence. Even as an abstract proposition of law the instruction as given is misleading and is not the law. Wojtylak v. Coal Co., 188 Mo. 281. (4) The court erred giving plaintiff's second instruction governing the measure of damages. There was no evidence upon which to predicate the second part of it. (5) The verdict of $700 was excessive. (a) The only element of damage the jury were authorized to find in favor of plaintiff was that arising from pain of mind and body at the time of and since the injury and in the future. (b) The testimony of plaintiff's witnesses, lay and medical, was to the effect that she suffered only a tearing of the skin on the palm of her right hand and a few scratches on her arm. (6) The court erred in overruling defendant's motion for a new trial.

*Christian F. Schneider* and *Kurt Von Reppert* for respondent.

(1) The court below did not err in refusing to give the instruction in the nature of a demurrer to the

·evidence offered by the defendant at the close of plaintiff's case and at the close of the whole case.  (a)  The character of the defendant's premises as shown by the evidence, being that of a retail department store, and 'the character of the moving stairway, or escalador, used as it was by the defendant for the purpose of carrying its patrons and others from the first floor of said premises to the second floor thereof, and *vice versa,* was in itself an invitation to the public to come upon the said premises and to use said stairway, and, therefore plaintiff was rightfully on said premises.  It was, therefore, negligence on part of the defendant to maintain and operate said moving stairway, unless the same was effectively guarded, and the evidence showed and the jury, by its verdict, found that it was not guarded, or that if guarded or screened, such guard or screen was insufficient.  (b)  A landowner who has reason to know that dangerous agencies on his premises are attractive to children, is bound to use reasonable diligence to protect them against its danger; and, if as a result of his failure to exercise such care, a child, although trespassing at the time, suffers injuries without being guilty of contributory negligence, the child, or its representative, is entitled to damages for such injury.  *A fortiori* if as in the case at bar plaintiff was not a trespasser, and as a matter of law, on account of her tender age, could not be held guilty of contributory negligence.  In the case at bar, moreover, no such issue was made, none having been pleaded.  Fink v. Furnace Co., 10 Mo. App. 61; Grafton v. Railroad, 55 Mo. 580; Nagel v. Railroad, 75 Mo. 653; Koons v. Railroad, 65 Mo. 592; Stout v. Railroad, 17 Wall. 657; Schmidt v. Distilling Co., 90 Mo. 284; Witte v. Stiefel, 126 Mo. 295; Curtis v. McNair, 173 Mo. l. c. 283; Straub v. Soderer, 53 Mo. 38; Speckmann v. Kreig, 79 Mo. App. 376; Brown v. Railroad, 50 Mo. 461; Birg v. Gardener, 19 Conn. 507; Railroad v. Fitzsimmons, 22 Kan. 686; Hydraulic Co. v. Orr, 85 Pa. St. 332; Fitzmaurice v. Conn. R. & L. Co., 3 L. N. S.

149, and note; Pannell v. Railroad, 4 L. N. S. 80. (2) Whether in the case at bar it was negligence on the part of the defendant to operate, maintain and have on its premises the escalador in the manner and under the circumstances shown in the evidence was a question of fact for the jury to determine. Railroad v. Van Steinberg, 17 Mich. 99; Railroad v. Stout, 17 Wallace 657; O'Flaherty v. Railroad, 45 Mo. 70; Frick v. Railroad, 5 Mo. App. 435; Morton v. Ittner, 56 Mo. 351; Kennayde v. Railroad, 45 Mo. 255; Railroad v. Fitzsimmons, 22 Kan. 686, and cases cited under point 1, herein. (3) If it was impossible to effectively guard the said machinery so as to avoid injury to persons lawfully around and about said moving stairway, as seemingly contended by defendants, then the maintaining and operating of such a moving stairway, being a menace to the lives of such persons by reason thereof became a nuisance *per se,* and defendants are liable to persons injured thereby. It is the well-settled law of this State that if anyone maintains a nuisance on his premises where persons may lawfully be—by invitation or otherwise— he does so at his peril. (4) Whether or not other persons, etc., who operate, maintain and have a moving stairway or escalador upon their premises customarily have guards or screens around or over the opening in such stairway at the place in the frame through which the handrail or belt passes, is immaterial upon the issue whether or not the defendant was guilty of negligence. Koons v. Railroad, 65 Mo. 592; Halfenstein v. Medart, 136 Mo. 617; Bridger v. Railroad, 25 S. C. 24. (a) There is no evidence in the case at bar that the hole in the frame of the stairway through which the moving handrail or belt passes is not screened or guarded on similar and other moving stairways or escaladors maintained and operated by others. (b) The evidence in the case at bar goes no further than that some stores in other cities have similar escaladors in which the moving handrail also passes through an opening,

while other stores have somewhat different ones—in what respect or detail in construction, in so far as screening or guarding such hole or openings in the escaladors is concerned—is not in evidence. The only distinction pointed out is that in the case at bar the stairway was a tread moving stairway, with a moving handrail, while the construction or character of other stairways is not clear. (c) There was therefore no evidence before the jury from which the jury were authorized to infer, that the escalador maintained and operated under the circumstances shown in evidence was such as is ordinarily used for the like purposes by other persons, reasonably prudent, under the same circumstancs, and, therefore defendant excused from liability in the case at bar. Notwithstanding this did the defendant ask an instruction submitting such an issue. (d) The only evidence that the hole in the bottom of the frame of the stairway through which the belt or handrail passed could not be guarded, was that it could not be guarded in a certain limited way, i.e. by putting a rail around it. That there were other ways or means by which to guard said hole or opening was clearly an inference which the jury was authorized to find from the very construction of the stairway; from the picture shown in evidence; the location of said hole or opening in the frame; the fact that it had been screened and the testimony of defendant's expert witness, Reno. (5) The evidence as to whether or not other accidents occurred on said moving stairway was excluded on defendant's objection. If error it was, it was invited by the defendant. Moreover, it has been held in this State that in cases kindred to this plaintiff could not adduce proof of other accidents. Goble v. Kansas City, 148 Mo. 470. (6) Under the evidence the verdict was not excessive. Graham v. Railroad, 66 Mo. 536; Owen v. Brockschmidt, 54 Mo. 289.

GOODE, J.—This action was instituted to recover damages for an injury to the plaintiff, a minor, suing by next friend. Defendant conducts a large retail department store several stories high in the city of St. Louis. One of the means provided for patrons to pass between the first and second floors is a moving stairway or escalador. This device consists of two flights of stairs of easy slope, extending parallel to each other from the first to the second floor, kept in motion by machinery, one ascending as the other descends, and transporting passengers from one floor to the other. The banisters or handrails on·either side of the stairs move as the stairs do, and are composed of a rubber casing around an endless interior chain. On the first floor, these handrails and the endless chains they cover, run into boxes some six or eight inches square, and projecting above the surface of the floor from six inches to a foot. Inside the boxes the chains and their rubber coverings run over sprocket-wheels and then up again, to the second story. There is evidence to prove the top of one of these boxes was open at the time of the accident in question, and that the aperture was large enough for a grown person's two hands to be inserted. One day plaintiff, who was then a child three years old, was taken by her mother to defendant's establishment, and while the mother was engaged in making a purchase in close proximity to the foot of the descending stairway, in some way plaintiff's right hand became inserted in the box into which a handrail descended, was clamped by the handrail, and gradually drawn farther into the opening, and before it could be extricated, her hand and arm were severely lacerated. No witness saw the child's hand get in the opening, as attention was first directed to her plight by her screams. Some moments elapsed before the machinery could be stopped and her arm drawn out, and meanwhile, the arm was pulled in farther as the rail continued to revolve. After describing the construction of the stairway, the petition

141 App—9

alleges defendant knew, or by the exercise of ordinary care would have known, the public, including the child, might visit their store and ride on the stairway; knew the stairs were alluring to children and particularly that the opening in the box was likely to attract them and induce them to put their hands in the hole where the rail was running; that nevertheless defendant carelessly failed to cover the opening and allowed it to remain unguarded; the plaintiff's right hand was caught suddenly in said hole between the box and the belt used in propelling the stairway, and her hand was thereby torn and lacerated, causing her great and excruciating pain of both body and mind, and mangling her so she was crippled permanently. The damages demanded were $4,500. Defendant answered by a general denial.

The main instruction given for plaintiff required the jury to find, in addition to certain undisputed facts, as follows: The moving stairway suddenly caught plaintiff's right hand; that said hand was caught by the belt in propelling the stairway and was drawn through the hole in the frame of it and thereby injured; that plaintiff was about three years old at the time; that the stairway was attractive to children as defendant knew, or by ordinary care would have known, and that children were apt to put their hands into the hole or opening, and be injured; that defendant failed to cover or guard the hole and therein failed to exercise ordinary care for the safety of persons lawfully about the stairway, and plaintiff's injuries were thereby caused. If the finding was for plaintiff, damages were authorized to compensate her reasonably for the pain of body and mind she had suffered since the injury and for such pain and suffering as the jury might believe from the evidence she would endure in the future. For defendant the court instructed that if the jury believed the hole in which plaintiff put her hand was necessary to permit the passage of the handrail or banister, and was the usual and ordinary opening maintained by persons

who exercised ordinary care, through which handrails
like the one mentioned in the evidence ran, and such an
opening was in general use, the verdict should be for
the defendant; that defendant was not liable for
plaintiff's injury if it resulted from a cause which de-
fendant, by the exercise of ordinary care, would not
reasonably anticipate, and if the jury found defendant
could not reasonably have anticipated the injury, by
the exercise of ordinary care, the verdict should be in its
favor. The last two instructions were in the form re-
quested by defendant except slight and immaterial
changes. The court also instructed that if the jury be-
lieve the escalader and its appliances were constructed
in the usual and ordinary way, and guarded so far as
practicable, defendant was not guilty of any negligence
and the verdict must be for it. An instruction was
given correctly defining negligence and ordinary care
and also an accurate instruction regarding the credi-
bility of witnesses and how their testimony should be
weighed. A request to direct a verdict in defendant's
favor was refused and one was returned for plaintiff
in which her damages were assessed at $700. Judg-
ment having been entered accordingly, defendant ap-
pealed and assigns as errors that the verdict is exces-
sive, should have been for defendant instead of plaintiff
and wrong rulings on the request for instructions.

1. Plaintiff was entitled to recover if leaving un-
covered the hole in the box wherein the handrail ran
was an omission by defendant of its duty to use or-
dinary care to have its premises reasonably safe at a
place where children were expected to come. Whether
or not defendant discharged its duty in this regard, de-
pends upon whether the aperture and the rail running
into it were dangerous to a child who meddled with
them and so likely to excite the curiosity of children
and induce them to meddle, that a person of ordinary
prudence would have anticipated and guarded against
the risk. The contrivance was not unreasonably dan-

gerous, if dangerous at all, to persons of full discretion, and counsel for defendant say it was not to children in its ordinary operation and that there was no evidence it tended to attract them into playing with it. It is true no testimony was given that other children had been allured by the stairway or the rail running into the box; but the jury might say from their knowledge of the instincts of childhood that the construction and movement of the machinery was likely to excite a small child's curiosity and allure it into thrusting its hand into the box, or into laying its hand on the banister and permitting it to be carried in by the banister's motion; might say too the opening was a place of danger for an inserted hand. An expert witness introduced by defendant said a person's hand might get into the hole but could only do so if the person stooped. No doubt a grown person would need to bend down to thrust his hand into the box, and maybe a child of three years of age would need to do this. That matter is unimportant; for considering the ways of children, we hold it was so likely some child would be attracted into playing with the rail and getting its hand caught in the hole, as to render the question of whether defendant should have anticipated such an incident, one for the jury. The notion that because it was not proved other children had been allured by the contrivance, the jury had no evidence from which to infer the likelihood of such an occurrence is unsound. By that reasoning, if the first child who visited the machinery got hurt, then no matter how dangerous the device was, there could be no recovery because it would be impossible to prove children had been attracted before. In our judgment, common knowledge of the nature of children sufficed as evidence for the jury that due care was omitted in failing to cover the box. Some of the testimony tended to prove the aperture was a foot above the floor and if this was true, a small child would not have to stoop much to put its hand in the box. The gravamen of the pe-

tition is negligence in failing to screen or guard the opening, and it is immaterial whether plaintiff intentionally thrust her hand in the box or got it in accidentally, for she was too young to be guilty of contributory negligence. Proprietors of premises who invite children on them, must use care to keep them reasonably safe, not omitting precautions against injury from childish impulses. [Nagel v. Railroad, 75 Mo. 653; 1 Beven, Neg. (3 Ed.), pp. 161 et seq.; 1 Thompson, Comm. on Neg., secs. 1024 to 1051, inc., and citations.] When extended in favor of trespassing children, the rule has been criticized on the ground that the proprietor is under no duty to keep his premises safe for trespassers, whether they be children or adults. This criticism does not concern us in the present case, as plaintiff was in the store by invitation, and it is unquestioned law that a person who invites children on his property is liable if he has not used due care to provide for their safety. As a standard treatise says: "In such an instance the rule is clear because the child is not a trespasser, but the owner of the property, by inviting him to come on the premises, has assumed the duty of exercising reasonable care to the end that he sustain no injury in consequence of dangerous pitfalls, attractive nuisances or the like." [1 Thompson, Neg., sec. 1050.] This doctrine is but one phase of the wider doctrine that an owner must keep his premises reasonably safe for the use of people whom he invites to come on them—an application of the general doctrine with special reference to the nature of children, and in accordance with the principle that what constitutes due care in a given instance depends on the degree of danger to be apprehended. [Bowen v. Railroad Co., 95 Mo. 268; Quick v. Elevator Co., 125 Mo. 279.] Because children are more heedless and have less discretion and capacity to avoid danger than adults, more care must be exercised by others for their safety. This rule was declared in an-

other aspect, but without weakening the decision as an authority applicable to the present case, in Boland v. Railway Co., 36 Mo. 484, wherein our Supreme Court, speaking through Judge WAGNER, said it would be unjust to require of a child with little capacity and discretion the same precaution and prudence which reasonably may be expected of older persons; and therefore one using dangerous instruments, machinery or vehicles, when he knows infants, idiots or others of imperfect discretion, are in close proximity, is compelled to use a degree of caution, skill and diligence not required of him in the case of mature persons.

2.    We agree the testimony shows the stairway in defendant's establishment was similar to those in general use, but this circumstance does not exonerate defendant.    The complaint is not of the pattern or kind of stairway, or that it or its appliances were needlessly dangerous if arranged and operated in a proper manner; but that the opening of the box into which the handrail revolved was left uncovered when, out of proper regard for the safety of children, it should have been covered.    Instead of the evidence showing it was usual in well-managed establishments to leave the box open, defendant's own witnesses testified the other way and that these openings, and indeed the very one in which plaintiff was hurt, were usually screened by a wire gauze which encircled the handrail without quite touching it, the purpose being to prevent anything getting into the opening—"dirt, handkerchiefs, unbrellas, etc."    As to whether there was any screen over the aperture the day of the accident, or if not, when it had been removed, or pushed down so as to be ineffective, or whether plaintiff herself pressed it down, the evidence would support different inferences.    One of the employees in the store testified the wire gauze had been torn but he did not know whether this happened before or after the accident. It was clear defendant was not entitled to a verdict as a matter of law, on the ground that the stair-

way and its appliances were in the condition justified by common use or that the box was properly screened. These matters were for the jury and were submitted in accurate instructions.

3.  The court is said to have erred in the main instruction for plaintiff, in leaving it to the jury to say whether her hand was caught suddenly "by the belt used in propelling the stairway," since there was no evidence it was so caught.  The witnesses used the words "belt," "handrail" and "banister" interchangeably to designate the endless chain and its covering which ran into the box and around the sprocket-wheel.  Though no one saw how plaintiff's hand got into the box or was caught, the evidence warranted an inference that it was suddenly caught by the moving rail in consequence of having been thrust into the opening in childish play or accidentally.  The main instruction was substantially correct and we find no reversible error in it.

4.  Complaint is made of the second paragraph in the instruction on the measure of damages, counsel insisting there was no evidence tending to prove plaintiff would endure future pain or suffering.  It is to be observed the court did not authorize damages for permanent injury or suffering, but only for such past and future suffering as the jury might find from the evidence plaintiff had or would endure.  There was testimony that when a knife, spoon or other article was put into her injured hand she would act like she was hurt and transfer the article to her left hand; that she continued to do this to the date of the trial.  Her father testified she had acted ever since the injury as if she was suffering. These items of testimony justified the court in leaving it to the jury to say whether she would suffer pain in the future.

5.  The verdict is challenged as excessive but we think it was not.  Plaintiff's injury did not involve the bones or ligaments of her hand, but though the laceration was superficial, it was extensive, and caused severe

pain for weeks, and so affected the hand as to change plaintiff from a normal right-handed girl into a left-handed one. Portions of the skin, or as one witness said, the flesh, had to be clipped away with scissors. She was under treatment by a physician for four weeks and when her hand was dressed day after day, would scream so loudly from the pain as to be heard a block away. At the time of the trial she seemed to have but little use of the injured member and handled articles with it awkwardly. She still acted as though it hurt her. The amount of the verdict was not so unreasonable as to call for interference by us against the opinion of the jury and the trial judge.

Judgment will be affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.