Mills et al., Appellants, *v*. Lit Brothers.

Argued April 20, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Henry Thomas Dolan,* with him *Robert C. Duffy,* for appellants.

*Raymond A. White, Jr.,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 10, 1943:

This is an action of trespass to recover damages for injuries sustained by the three and one-half year old minor plaintiff in defendant's department store. The evidence established that the minor plaintiff accompanied his mother to the second floor of the store and while the latter's attention was directed toward the selection of merchandise she was purchasing, the child wandered a short distance away to a moving escalator. He was discovered shortly thereafter with the fingers of his left hand caught in the narrow aperture where the tread of the escalator meets the comb plate of the exit platform and disappears into the floor. Because of this accident, the child lost one finger, part of another and injured a third. On these facts the trial judge directed the jury to render a verdict for the defendant. The plaintiffs' motion for a new trial was denied, and this appeal was then taken.

The decision of the court below was clearly correct. The defendant was under a duty to use reasonable care in keeping its escalators in a safe condition, but there is not a scintilla of evidence that this duty was violated. The instrumentality causing this accident was a recent installation of modern design. There was no testimony of any defect in its structure or operation. Although

the plaintiffs were not restricted in any way whatsoever in describing the particular escalator involved in the accident, the evidence does not show that either the mechanism or its appliances were constructed in an unusual or extraordinary manner or that precautions and safeguards used in the operation of similar instrumentalities had not been provided by the defendant.

To charge the defendant with negligence, there must be some evidence of breach of duty. The evidence in the instant case describes the mere happening of an accident, and this description is so vague and indefinite that a jury would not be warranted in finding any act of omission or commission on the part of the defendant which could be construed as negligence.

There is no testimony that children were permitted to congregate about the escalator or were in the habit of playing on the landing where the plaintiff was hurt. The instant case is thus distinguished from *Burdine's Inc.* v. *McConnell,* 146 Fla. 512, 1 So. (2d) 462, where the evidence disclosed that children, without supervision or restriction, were accustomed to ride and play upon the escalator which caused an injury similar to that received by the present minor plaintiff. A department store does not constitute a playground for children, and very young children who enter such a store are almost invariably accompanied by and kept under the close surveillance of their parents. We are, therefore, of the opinion that the defendant could not reasonably foresee the exposure of this minor plaintiff to danger in the operation of the escalator. There is no basis here for the application of the "attractive nuisance" doctrine. The mere existence of danger does not prove negligence. If it did there would be no safety except to abandon the use of machinery: *Ulm* v. *McKeesport Tin Plate Co.,* 263 Pa. 327, 331.

Judgment of the court below affirmed.