This suit involves the application of the attractive nuisance doctrine. The child in this case is the son of the plaintiffs O. G. Browne and Mrs. Margaret Browne. At the time he sustained the injury on which the demand for damages is based, on March 25, 1948, he was six years old. As far as his age is concerned, therefore, he would come within the application of the doctrine.
According to the allegations of their petition, their son was attracted to the movement of the escalator which is used in the defendant Rosenfield's store in Baton Rouge. It is alleged that he went on the said escalator "and in some way his left hand became enmeshed in the mechanism of the said escalator causing several of his fingers on the left hand to become mangled and distorted". It is further alleged that there is no attendant who watches after the said escalator, or there wasn't any at the time of his accident, and this seems to be the only allegation of negligence on the part of Rosenfield's, Inc., owner and operator of the store, as it is further alleged, that the failure of the said Rosenfield's, Inc. "to keep a constant attendant to prevent children of young and tender years from being attracted to the said escalator as to want to ride thereon and make it amusing and enjoyable when the same is dangerous if not properly used", constitutes negligence for which it is sought to be held liable. The damages claimed amount to the sum of $10,050 and judgment is prayed for against both Rosenfield's, Inc., and its alleged public liability insurer, Aetna Casualty and Surety Company, in solido.
The defendant, Rosenfield's, Inc., was improperly styled as it is made to appear in an exception filed that its proper name is Rosenfield's Dry Goods Company, Ltd. In its proper name, and jointly with the Aetna Casualty and Surety Company, an exception of no right of cause of action was filed which was sustained in the district court and from a judgment dismissing the plaintiffs' suit plaintiffs have taken this appeal.
It looks as though the important question to be determined in the case is whether an escalator is such a dangerous instrumentality in itself as to be classed as an attractive nuisance and therefore requires the constant presence of an attendant or guard to keep children of tender years who may be attracted by its movements from riding on them alone or injuring themselves in some way or other.
As is well known, escalators are modern mechanical contrivances used in buildings of several stories, to more easily and readily transport people from one floor to the other. From our observation they are used principally in large department stores and their purpose of course is for the use of customers who go into those establishments and not as a means of amusement for children or anybody else. In this way they have to some extent taken the place of elevators which are also run by some type of mechanism but necessarily have to be operated by *Page 887 
an attendant. In the case of elevators, the attendant is charged with the responsibility of seeing that they are safely operated and we would say also, to guard against children of tender years doing anything around them by which they might become injured. Escalators, as we know, operate by some means of mechanism but require nobody to operate them and if an attendant or guard were to be used it would be simply for the purpose of keeping children or irresponsible people from doing things on or about them which they should not do and by reason of which they may sustain some injury.
In the case of Marquette v. Cangelosi, La. App., 148 So. 88, this court had under consideration the claim of a father and mother for the death of a thirteen year old boy who had been killed in an elevator accident in the Cangelosi building in Baton Rouge. The decision did not rest on the application of the attractive nuisance doctrine, although it had been invoked by the plaintiff. The doctrine was discussed however, and, after describing the situation of the elevator in the building, the same being close to the main entrance from the street, and after citing certain authorities which were thought to be pertinent, it was stated: "It is therefore extremely doubtful that the elevator, situated as it was, and which was used by defendant in his business, could be characterized as an attractive nuisance". It would seem that an important consideration is to be given to the use that is made of the instrumentality in order to classify it as an attractive nuisance or not. The case of Peters v. Pearce, 146 La. 902, 84 So. 198, 199, was cited in the Marquette case, and quoted from to the following effect: "Strangers are not liable to children for negligence in carrying on their business beyond what would be their liability to others, as well as children, who are equally free of blame." (Italics ours.) Certainly, in the modern everyday way of conducting the business of a department store, escalators are a very convenient and necessary means of carrying on that business. Their universal use, since they have been made so practical, is almost a guarantee in itself of the safety in their means of normal operation and if this court was doubtful that the elevator referred to in the Marquette case was an attractive nuisance, we have still stronger doubt that the escalator in this case can be so classified.
In discussing the doctrine of attractive nuisance under the title "Negligence", American Jurisprudence, Volume 38, page 815, Section 149, and in commenting on the nature and kind of the attraction, has this to say: "The character of the instrumentality by which the injury complained of was received is of great importance in determining liability under the attractive nuisance doctrine. * * * Great, if not insurmountable, difficulty is experienced in attempting to state the kinds of machines, objects, or conditions which may be deemed attractions within the meaning of the attractive nuisance doctrine. In fact, the difficulty of determining the kinds of things to which the attractive nuisance doctrine is properly applicable has been regarded by some courts as a reason for rejecting the doctrine altogether. The fact that a thing is attractive to children is not of itself a ground for invoking the attractive nuisance doctrine. Clearly, not everything which may possibly excite the curiosity of a child amounts to an attractive nuisance. If everything containing some element of danger to a boy, of which a plaything possibly can be made by him, amounts to an attractive nuisance, there is almost no limit to the application of the doctrine. In order to invoke liability under the attractive nuisance doctrine, it must be shown that the instrumentality or condition relied upon to constitute the attraction was a sufficient allurement as likely to attract children upon the premises, and that the instrumentality was fraught with such danger to young children as reasonably to require that precautions be taken to prevent children from coming in conflict therewith. The tendency of the courts is to exclude from the application of the attractive nuisance doctrine things not in their nature dangerous or peculiarly alluring or attractive to children, natural conditions, common or ordinary objects such as walls, fences, and gates, simple tools and appliances and *Page 888 
conditions arising from the ordinary conduct of a business."
In this case, the child was not attracted to the premises, as it came in the store with its mother who was there to do some shopping, and, since the escalator was an appliance, and its operation a condition arising out of the conduct of the business of that store, it would be excluded from the application of the doctrine under the authority cited.
The trial judge in his short written reasons for judgment disposed of the case by stating that because, in his opinion, an escalator was not per se a dangerous instrumentality, a plaintiff seeking to recover for an injury sustained while using one must not only allege but prove actionable negligence on the part of the defendant. We agree with him when he says that an escalator is not per se a dangerous instrumentality and as that seems to be also one of the elements required in order to invoke the doctrine as is pointed out in the quotation from American Jurisprudence, we agree with him that even under the allegations contained in the petition of the plaintiffs in this case, they have no cause of action.
There are not many cases on the subject of escalators considered in their relation to the doctrine of attractive nuisance. The only one we have been referred to and have been able to find in which the doctrine was applied to such an appliance is that of Hillerbrand v. May Mercantile Co., 141 Mo. App. 122, 121 S.W. 326. Rather significantly, we observe that the ruling in this case which was followed in California in Takashi Kataoka v. May Department Stores Co., Cal.App., 139 P.2d 25, was changed in a subsequent opinion. See 60 Cal.App.2d 177,140 P.2d 467, 469. The same case was before the Federal District Court of California, 28 F. Supp. 3, and the following is quoted from syllabus 2: "An escalator in department store, not being artificial, uncommon, or dangerous, but being on ordinary, common instrumentality built and constructed for ordinary and common use, did not constitute an 'attractive nuisance' so as to justify recovery under attractive nuisance doctrine for injuries sustained by 4 year old child when his hand was caught in small opening at end of escalator where steps went under the floor."
In Mills et al. v. Lit Brothers, 347 Pa. 174, 32 A.2d 10, the court also refused to apply the doctrine in the case of a three and one-half year old child who was injured in an escalator accident.
All the other escalator accident cases we have found were decided on the issue of negligence and the attractive nuisance doctrine was not discussed. The weight of authority therefore is to exclude escalators from the application of the rule. We are in accord with that authority, from which it follows that we find the judgment appealed from is correct and it is therefore affirmed.