464 P.2d 325

John Michael ESTABROOK by and through his Guardian ad Litem, Murray A. Estabrook and Murray A. Estabrook, Appellants,

v.

J. C. PENNEY COMPANY, a corporation, and Otis Elevator Company, a New Jersey corporation, Appellees.

OTIS ELEVATOR COMPANY, Cross-Appellant,

v.

J. C. PENNEY COMPANY and Estabrook, Cross-Appellees.

No. 9760–PR.

Supreme Court of Arizona.

In Banc.

Jan. 22, 1970.

Rehearing Denied Feb. 24, 1970.

------◆------

Caine, Brigham & Hocker, by R. Kelly Hocker, Tempe, for appellants, Estabrook.

Jennings, Strouss & Salmon, by Robert L. Johnson, Phoenix, for cross-appellant, Otis Elevator Co.

Kramer, Roche, Burch, Streich & Cracchiolo, by William P. French and B. Michael Dann, Phoenix, for appellee and cross-appellee, J. C. Penney Co.

HAYS, Justice.

John Michael Estabrook, a minor plaintiff, brought a personal injury action through his guardian ad litem against defendants J. C. Penney Company and Otis Elevator Company. From a trial court order granting defendant "Penneys'" motion for a new trial, plaintiff and defendant "Otis" appealed to the Court of Appeals. In Estabrook v. J. C. Penney Co., 10 Ariz. App. 114, 456 P.2d 960 (1969), the Court of Appeals affirmed the trial court's granting of a new trial as to Penneys, and ordered a new trial as to Otis because of the failure of the trial court to instruct the jury concerning strict liability in tort. Plaintiff and defendant Otis brought the matter before this court on a petition for review, which we granted. The Court of Appeals opinion is vacated.

The action resulted from injuries received by plaintiff, a six year old boy, while he was playing on and about an escalator on the premises of the J. C. Penney Company store in downtown Phoenix. John and his younger brother had accompanied their mother on a shopping trip to the store. After they had ridden the escalator from the basement parking garage to the main floor of defendant Penneys' store, John's mother walked a short distance to a shoe display that was near the escalator landing. John stayed behind and began running his hand along the escalator's moving handrail. Soon after, he placed his hand so that it was drawn into the escalator mechanism through the opening where the moving handrail enters the escalator's enclosed balustrade, and the hand became caught in the interior machinery. Although the escalator was shut off almost immediately, nearly half an hour elapsed before firemen were able to free his hand. The hand was crushed and mangled.

Otis Elevator Company was the manufacturer of the escalator in question, and had installed the unit in the Penneys store some seven years prior to the accident. Plaintiff brought suit against both Penneys and Otis seeking damages for the injuries which he sustained, contending that the defendant J. C. Penney Company was negligent in maintaining and operating the escalator and that defendant Otis Elevator Company was strictly liable in tort.

At the close of all the evidence, the trial court refused to instruct the jury as to the doctrine of strict liability in tort. The jury was given four alternative forms of verdicts to consider: (1) for the defendants; (2) for the plaintiff against both defendants; (3) for plaintiff against defendant J. C. Penney Company; (4) for plaintiff against defendant Otis Elevator Company. The jury returned a verdict of $30,000 for plaintiff against Penneys.

Subsequently, defendant Penneys moved for a new trial, and defendant Otis moved for entry of judgment. In response to Otis' motion plaintiff made an alternative motion for a new trial as to Otis. The court directed a final judgment in favor of defendant Otis Elevator Company, and entered an order for new trial as to defendant J. C. Penney Company. After request by the plaintiff that the court state with particu-,

larity its reasons for granting Penneys' motion for a new trial, the trial court entered the following amended order:

"I. The Court finds that the verdict of the jury and the judgments previously entered herein were not justified by the weight and sufficiency of the evidence and are contrary to the law applicable to this case for the following reasons:

(a) The weight and sufficiency of the evidence was insufficient to prove negligence on the part of the J. C. Penney Company;

(b) the weight and sufficiency of the evidence was insufficient to show a lack of ordinary care on the part of the J. C. Penney Company.

"II. Further, the Court finds that the verdict is excessive and appears to have been given under the influence of passion and prejudice for the following reasons:

(a) A visual observation of the boy's hand was strong corroboration of the testimony of the defendants' doctor;

(b) The weight and sufficiency of the evidence as to the Plaintiff's injuries was insufficient to sustain the verdict;

(c) After listening to the evidence and viewing the demeanor of the witnesses the conscience of the Court was shocked by the verdict.

IT IS ORDERED granting the Defendant J. C. Penney Company's Motion for New Trial.

FURTHER, IT IS ORDERED, nunc pro tunc, granting the plaintiff's alternative Motion for New Trial as to the Defendant, OTIS ELEVATOR COMPANY.

THEREFORE, IT IS ORDERED that a New trial is granted as to all parties and all issues in this case and all other motions are denied."

Plaintiff appealed from the granting of Penneys' motion for a new trial and from the judgment in favor of Otis. Otis also appealed the new trial order as to Penneys, as well as the trial court's nunc pro tunc order granting a new trial as to Otis. The appeal raises the following questions:

1. Did the order directing a new trial comply with the specificity requirements of Ariz. Rule Civ.Proc. 59(m)?

2. Did the trial court abuse its discretion in granting defendant Penneys' motion for a new trial?

3. Was plaintiff entitled to a jury instruction on the doctrine of strict liability in tort?

We hold that defendant J. C. Penney Company was properly awarded a new trial, and that the trial court properly ordered judgment in favor of defendant Otis Elevator Company.

## I. DID THE ORDER DIRECTING A NEW TRIAL COMPLY WITH THE SPECIFICITY REQUIREMENTS OF ARIZ. RULE CIVIL PROC. 59(m)?

Rule 59(m), 16 A.R.S. Rules of Civil Procedure, provides specificity requirements for an order granting a new trial:

"No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

In Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966), we discussed the purpose of Rule 59(m), stating that the requirement of specificity is designed to clearly delineate the issues on appeal by keeping the parties and the appellate court informed of the particular ground(s) of the trial court's decision. A party whose favorable verdict is vacated by an order granting a new trial ought to be carefully apprised of the particular reasons for such action. The Crespin case also discussed the consequences of an unspecific order, holding that where the trial court does not specify with particularity the grounds for ordering a new trial, the reviewing court will presume that the jury verdict was correct, placing the burden on the appellee to convince the reviewing court that the trial court did not err in ordering a new trial.

Where, as in the present case, there are several grounds set forth in the

new trial order, some specific and some not, the reviewing court will disregard the unspecific reasons and assume that the trial judge acted only on the ground or grounds which comply with the specificity requirements of Rule 59(m). In applying this test to the trial court's order for a new trial as to defendant Penneys, we hold that ground I is stated with particularity, and supports the order for new trial as to Penneys.

The trial judge's nunc pro tunc order granting a new trial as to Otis Elevator Company states *no* supportive grounds. Even if we should assume that this is a proper nunc pro tunc order, it manifestly does not comply with the requirements of Rule 59(m), and is therefore a nullity.

## II. DID THE TRIAL COURT ABUSE ITS DISCRETION IN GRANTING DEFENDANT PENNEYS' MOTION FOR A NEW TRIAL?

A trial judge has considerable latitude in awarding a new trial, and except in cases where his broad discretion is clearly abused an appellant court will not overturn his action. Yoo Thun Lim v. Crespin, supra. In State ex rel. Morrison v. Mc-Minn, 88 Ariz. 261, 355 P.2d 900 (1960), we examined the limits of the trial court's discretion in granting a new trial, and stated:

> "While it is true that the granting of a new trial is to a great extent discretionary with the trial court, such discretion, although broad, is legal and not arbitrary and must be exercised according to reason and law. * * * The trial judge must of course have wide discretion because of his intimate relation to the trial and primary justice. This does not mean, however, that this court should abandon all supervision and fail to impose the limitation of legal standards on the exercise of trial court judicial discretion. Thus, where the probative force of the evidence clearly demonstrates that the verdict of the jury is correct, the trial judge exceeds the bounds of judicial discretion in granting a new trial and

it is the duty of this court to reverse the action." 88 Ariz. at 262, 355 P.2d at 901.

Ground I of the new trial order, however, is sufficient to validate the trial court's granting of defendant Penneys' motion for a new trial. That ground points to an insufficiency of evidence on the question of whether Penneys exercised ordinary care in the operation and maintenance of the particular escalator. We agree with the trial court that the evidence was insufficient to prove any liability on the part of Penneys because plaintiff never established that Penneys knew, or in the exercise of ordinary care should have known, of a dangerous condition or defect in the escalator.

Plaintiff, his mother and brother were business invitees on the premises of the J. C. Penney Company. Restatement (Second), Torts, § 343 provides: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of ordinary care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees * * *" Comment d under § 343 explains that the "invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein." Arizona has adopted the restatement definition, McGuire v. Valley National Bank of Phoenix, 94 Ariz. 50, 381 P.2d 588 (1963), and applied it to relations between storekeepers and their invited clientele.

Plaintiff contends that from the testimony offered, the jury could have drawn a reasonable and logical inference that there was a defect in the escalator which made it unsafe for small children to use, and that therefore Penneys was negligent in making it available for the use of small children. In support of this proposition, plaintiff cites the case of Kline v. J. C. Penney Co., 153 Cal.App.2d 717, 314 P.2d 989 (1957), in which a six year old plaintiff

injured his hand while playing around with an escalator handrail in circumstances strikingly similar to the present case. The California Court of Appeals affirmed a judgment for plaintiff. Unlike our present case, however, there was evidence that:

> "* * * other children had on previous occasions gotten hurt in much the same way as Terry, and employees had knowledge of several such instances. They also had knowledge that children had used the same place to engage in play while those who should have been watching them were busy shopping." 314 P.2d at 991.

In short, the evidence clearly established that the defendant store did not use ordinary care in keeping the escalator safe for children. See also Mills v. Lit Bros., 347 Pa. 174, 32 A.2d 10 (1943).

In the present case, plaintiff offered no evidence that a defect or dangerous condition existed prior to the date of the accident, or that Penneys knew or should have known of the presence of a mechanical hazard. Plaintiff's case on the question of liability consisted solely of testimony by plaintiff's mother, Mrs. Virginia Estabrook, and by Russell Fitzpatrick, a Battalion Chief of the Phoenix Fire Department. These witnesses established only that plaintiff was injured at the J. C. Penney store and that his hand was freed by a fire department rescue team. There was no evidence that Penneys failed to use reasonable care in its inspection and maintenance of the escalator. The witnesses for defendants Penneys and Otis offered no additional testimony or other evidence to suggest that Penneys knew or should have known that a dangerous condition existed with respect to the escalator.

We hold, therefore, that the trial judge properly awarded a new trial as to the defendant J. C. Penney Company for the reason that the evidence was insufficient to show lack of ordinary care on the part of Penneys.

## III. WAS PLAINTIFF ENTITLED TO A JURY INSTRUCTION ON THE DOCTRINE OF STRICT LIABILITY IN TORT?

■ In his pre-trial statement, plaintiff contended that defendant Otis, as manufacturer of the escalator, was strictly liable in tort, as well as negligent in the design, maintenance and installation of the escalator. At the conclusion of the evidence, plaintiff requested an instruction on strict liability, which was refused. Instead, defendant Otis' requested instruction No. 2 was given:

> "In connection with plaintiff's contention that the defendant, Otis Elevator Company, was negligent, you are instructed that the law does not require that a manufactured article be accident-proof or incapable of doing harm."

Plaintiff's position is weakened by the fact that he failed to make a record as to his objections to the court's refusal to give his instruction on strict liability.

The doctrine of strict liability in tort, as set forth in Restatement (Second), Torts, § 402(A), was initially adopted by the California Supreme Court in Greenman v. Yuba Power Products, Inc., 59 Cal. 2d 57, 27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049 (1962). In 1968, we held in O. S. Stapley Co. v. Miller, 103 Ariz. 556, 447 P.2d 248 (1968), that the Restatement definition applies in Arizona. Section 402(A) reads:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> > (a) the seller is engaged in the business of selling such a product, and
> >
> > (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Comment g to § 402(A) discusses the meaning of the term "defective condition:"

"The rule stated in this Section applies where the product is, *at the time it leaves the seller's hands,* in a condition not contemplated by the ultimate consumer, which will be unreasonably dangerous to him. *The seller is not liable when he delivers the product in a safe condition,* and subsequent mishandling or other causes make it harmful by the time it is consumed. The burden of proof that the product was in a defective condition at the time that it left the hands of the particular seller is upon the injured plaintiff; and unless evidence can be produced which will support the conclusion that it was then defective, the burden is not sustained." (Emphasis added.)

In the present case, there was no evidence offered to show that the escalator which injured plaintiff was defective when Otis relinquished control over it. Plaintiff offered no evidence as to an inherent defect in design, construction, or installation of the escalator.

Several witnesses testified in behalf of defendant Otis. J. R. Fisher, a Phoenix elevator inspector, testified that he had inspected the escalator approximately twelve times during the six year period from the time the escalator was installed until 1959 and that the escalator had no city code infractions. Ewald Friedman, the Phoenix sales manager for Otis, explained that the escalator was installed in 1953 under a contract of sale which obligated Otis to maintain the escalator for only the first 90 days following installation. Otis did from time to time thereafter perform various maintenance jobs on the escalator, but only at the request of Penneys. Delmer Browning, a former supervisor of mechanical inspection of the City of Phoenix, emphasized that when he inspected the escalator in question, a hand rail guard device, made of reinforced metal and rubber, was properly in place, and that the approximate city code clearance was something like 6/10 of an inch. James Johnson, a former Penneys employee, testified that a handrail guard was on the escalator on the day of the accident. Based upon such evidence, and the absence of any evidence of a defect in the design, construction or installation of the escalator unit, an instruction on strict liability in tort was not warranted.

The order granting defendant J. C. Penney Company's motion for a new trial is affirmed. It is ordered that judgment be entered for the defendant Otis Elevator Company.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.