482 P.2d 903

KORD'S AMBULANCE SERVICE, INC., an Arizona corporation, Ronald Duane Stutz, and Sam and Bessie Lieberman, husband and wife, Appellants,

v.

Russell Lester WHITE and Mary Ann White, husband and wife, Appellees.

No. 2 CA–CIV 875.

Court of Appeals of Arizona, Division 2.

March 30, 1971.

Rehearing Denied April 30, 1971.

Review Denied June 1, 1971.

Mesch, Marquez & Rothschild, by Alfred C. Marquez, Tucson, for appellants Kord's and Stutz.

Murphy, Vinson & Hazlett by John U. Vinson, Tucson, for appellants Lieberman.

Chandler, Tullar, Udall & Richmond by Robert S. Tullar, Sidney Weissberger, Tucson, for appellees.

KRUCKER, Chief Judge.

This appeal is from the trial court's granting the appellees (plaintiffs below) a new trial against the appellants (defendants below). The parties will hereinafter be referred to as they appeared below and by name for further distinction where necessary. The plaintiffs filed a complaint below against the four defendants alleging negligence resulting in an automobile accident. The trial court granted a directed verdict in favor of the defendants Lieberman. The jury returned a verdict in favor of the defendants Kord's and Stutz. The plaintiffs filed a timely motion for new trial assigning as error, among other grounds, the directed verdict in favor of the Liebermans. The trial court granted a new trial on this, as well as another ground as to all defendants (Kord's, Stutz and the Liebermans).

The facts briefly are that an ambulance owned by defendant Kord's, while being driven east by defendant Stutz, on East Broadway at Norton Avenue swerved into westbound traffic and collided with the car driven by plaintiff Russell White. The apparent reason for Stutz's swerve was that a car driven by defendant Bessie Lieberman pulled into a left-turn bay ahead of the ambulance. The ambulance was sounding its siren and flashing its emergency lights. The ambulance did not have a certificate of convenience and necessity, which was necessary by law, requiring other drivers to yield when the ambulance uses its emergency equipment. The ambulance was traveling on a painted median strip between the inside lanes of traffic. This median is interrupted by turn bays. Traffic was heavy in both directions in the area of this collision. Mrs. Lieberman testified she did not see or hear the ambulance until after the collision.

There are two questions presented by the appeal:

1. Whether or not the case is in an appealable posture; and

2. If so, whether or not the trial court ruled correctly in granting the plaintiffs a new trial as to each defendant.

 The record before us reveals a signed minute entry order dated February 9, 1970. This minute entry order specifies in detail the trial court's reasons for granting a new trial. It specifies one reason to be that negligence could have been inferred from the testimony and that negligence was a jury question in the trial court's opinion, with the result that a directed verdict as to the defendants Lieberman was error. This minute entry order satisfies the specificity requirement of Rule 59(m), Rules of Civil Procedure, 16 A.R.S., as interpreted by the Arizona Supreme Court in Estabrook v. J. C. Penney Co., 105 Ariz. 302, 464 P.2d 325 (1970).

The second question in this appeal is whether the trial court erred in granting the plaintiffs a new trial on the ground that it had directed a verdict as to the defendants Lieberman, where it could be inferred from the testimony that Mrs. Lieberman was negligent, and that negligence was a jury question.

As to the propriety of the directed verdict, we find from an examination of the record before us that the trial court correctly ruled it had erroneously directed the verdict as to the defendants Lieberman. From the facts below, as specified earlier in this opinion, the jury could have properly inferred negligence on the part of Mrs. Lieberman. This is to say that whether Mrs. Lieberman knew or should have known, in the exercise of her duty of reasonable care, of the position of the ambulance immediately prior to her change of lanes here is a jury question. Such negligence, or absence thereof, being the province of the jury, the case as to the Liebermans should have been submitted to the jury. Shell Oil Co. v. Collar, 99 Ariz. 154, 407 P.2d 380 (1965); Vigil v. Herman, 102 Ariz. 31, 424 P.2d 159 (1967); Williams v. Slade, 431 F.2d 605 (5th Cir. 1970).

The trial court granted a new trial as to all the defendants. While the trial court made its decision on the basis of the directed verdict in favor of the Liebermans, the decision below granting a new trial as to all defendants is correct in view of the complicated and overlapping nature of the possible liabilities. Board of Trustees Eloy Elem. School Dist. v. McEwen, 6 Ariz.App. 148, 430 P.2d 727 (1967). The rights involved in a case may be so intermingled that justice may require, as here, a new trial as to all parties in the event of the necessity of a new trial as to one of them. 39 Am.Jur. New Trial § 25 (1942). Having found above that a new trial against the defendants Lieberman is required, we affirm the order of the court below granting a new trial as to all defendants.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.