456 P.2d 960

John Michael ESTABROOK by and through his Guardian ad Litem, Murray A. Estabrook, Appellants,

v.

J. C. PENNEY COMPANY, a corporation, and Otis Elevator Company, a New Jersey corporation, Appellees.

OTIS ELEVATOR COMPANY, Cross-Appellant,

v.

J. C. PENNEY COMPANY and Estabrook, Cross-Appellees.

I CA–CIV 433.

Court of Appeals of Arizona.
June 26, 1969.

Rehearing Denied July 29, 1969.
Review Granted Oct. 7, 1969.

Caine, Brigham & Hocker, by R. Kelly Hocker, Tempe, for appellants.

Jennings, Strouss, Salmon & Trask, by Robert L. Johnson, Phoenix, for cross-appellant.

Kramer, Roche, Burch, Streich & Cracchiolo, by William P. French and B. Michael Dann, Phoenix, for appellee & cross-appellee.

CAMERON, Judge.

This is an appeal by John Michael Estabrook, a minor, through his guardian ad litem, plaintiff, and by the defendant Otis Elevator Company from the order of the trial court granting the motion of the defendant, J. C. Penney Company, for a new trial.

We are called upon to determine:

1.  Whether the order granting a new trial sets forth the reasons with sufficient particularity to satisfy the requirements of Rule 59(m), Rules of Civil Procedure, 16 A.R.S.

2.  Whether an instruction on strict tort liability should have been given as to the defendant Otis Elevator.

The plaintiff, a minor age 6 years, was visiting the defendant J. C. Penney's Store with his mother and younger brother, an infant. They rode from the basement to the main floor of the defendant J. C. Penney Company on defendant Otis' escalator and upon departing the plaintiff stayed behind to investigate the moving handrail of the escalator. The facts are not quite clear but somehow his right hand was drawn into the bottom of the mechanism through a "handrail guard" or "finger guard" and his hand was severely crushed and injured. The matter was heard by a jury and four forms of verdicts were submitted for consideration:

(1)  for the defendants

(2)  for the plaintiff against both defendants

(3)  for the plaintiff against the defendant J. C. Penney, and

(4)  for the plaintiff against the defendant Otis Elevator.

The jury found for the plaintiff against the defendant J. C. Penney in the amount of $30,000.

After judgment in the amount of the verdict was signed by the trial judge the defendant J. C. Penney moved for new trial and Otis Elevator moved for entry of judgment. Both of these motions by the defendants were opposed by the plaintiff. The court, on 17 February 1966, pursuant to Rule 54(b), Rules of Civil Procedure, 16 A.R.S., finding that there was "no just reason for delay in the entry of judgment in this cause", directed final judgment in favor of the defendant Otis Elevator Co. On 2 March 1966, the trial court entered an order for new trial and after motion and demand by the plaintiff for the court to state with particularity the grounds upon which the motion was granted (Rule 59(m), Rules of Civil Procedure, 16 A.R.S.), the trial court entered the following order:

"The Court finds that the verdict of the jury and the judgments previously entered herein were not justified by the weight and sufficiency of the evidence and are contrary to the law applicable to this case for the following reasons:

"(a) The weight and sufficiency of the evidence was insufficient to prove negligence on the part of the J. C. Penney Company.

"(b) The weight and sufficiency of the evidence was insufficient to show a lack

of ordinary care on the part of the J. C. Penney Company.

"Further, the Court finds that the verdict is excessive and appears to have been given under the influence of passion and prejudice for the following reasons: "(a) A visual observation of the boy's hand was strong corroboration of the testimony of the defendant's doctor.

"(b) The weight and sufficiency of the evidence as to plaintiff's injuries was sufficient to sustain the verdict.

"(c) After listening to the evidence and viewing the demeanor of the witnesses the conscience of the court was shocked by the verdict.

"IT IS ORDERED granting the defendant J. C. PENNEY COMPANY'S Motion for New Trial.

"FURTHER, IT IS ORDERED, *nunc pro tunc,* granting Plaintiff's alternative Motion for New Trial as to the Defendant, OTIS ELEVATOR COMPANY.

"THEREFORE, IT IS ORDERED that a New Trial is granted as to all parties and all issues in this case and all other motions are denied."

On 18 April 1966 the plaintiff appealed from the order granting the motion for new trial and from the judgment in favor of Otis Elevator. Otis Elevator also appealed from the granting of J. C. Penney's motion for new trial as well as plaintiff's alternative motion for a new trial.

DID THE ORDER GRANTING A MOTION FOR NEW TRIAL COMPLY WITH THE REQUIREMENTS OF THE RULE?

■ Rule 59(m), Rules of Civil Procedure, 16 A.R.S., provides:

"No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

This Court has also discussed the rule as follows:

"* * * The rule [59(m)] is designed to inform both the parties and the appellate court of the particular ground or grounds upon which the trial court has acted in granting a new trial, and so to prevent a situation where both appellant and the appellate court are '* * * compelled to speculate as to the reasons for ordering a new trial'. Yoo Thun Lim v. Crespin, 100 Ariz. 80, 83, 411 P. 2d 809, 811 (1966).

"* * * Though we may not agree with the trial court's appraisal from a reading of the dry record before us, still this is his appraisal from the trial bench. We do not believe that "our Supreme Court intends to require the trial judge to render a written opinion setting forth his rationale for granting a new trial motion or to undertake a lengthy review of the facts. Rule 59(m) is designed to serve a practical purpose and should receive a practical construction. * * *." Heaton v. Waters, 8 Ariz.App. 256, 258, 259, 445 P.2d 458 (1968).

Viewing the order in the instant case, we believe that the trial court has stated the reasons for granting a new trial as to the defendant J. C. Penney with sufficient particularity to comply with Rule 59(m).

■ As to the defendant Otis Elevator Company we have a different situation. The first order, on 2 March 1966, was silent as to the Otis Elevator Company, the record supporting the assumption that the jury by its verdict had, in effect, found in favor of the defendant Otis Elevator. The amended order stating with particularity why the motion for new trial should be granted as to the defendant J. C. Penney Company stated as to Otis Elevator:

"FURTHER, IT IS ORDERED, *nunc pro tunc,* granting the Plaintiff's alternative Motion for New Trial as to the Defendant OTIS ELEVATOR COMPANY."

Even should we hold that this is a proper nunc pro tunc order it still does not comply with Rule 59(m) in that it does not state with sufficient particularity why the

judgment in favor of Otis Elevator should be set aside. This portion of the order is a nullity. However, since the plaintiff made a timely appeal not only from the order granting the new trial as to J. C. Penney, but also from the judgment as to Otis Elevator we still may consider on appeal the matter as it relates to all parties to the trial in the Superior Court.

## DOES THE THEORY OF STRICT TORT LIABILITY APPLY?

■ Plaintiff timely appealed from the judgment entered in favor of the defendant Otis Elevator. Plaintiff's pre-trial statement alleged:

"* * * That the Defendant, OTIS ELEVATOR COMPANY is strictly liable in tort as the manufacturer of the escalator and in addition, negligently designed, maintained and installed the said escalator."

The plaintiff requested an instruction on strict tort liability which was refused. Instead the court instructed the jury as follows:

"In connection with Plaintiff's contention that the Defendant, Otis Elevator Company was negligent you are instructed that the law does not require that a manufactured article may be accident proof or incapable of doing harm."

Generally, the jury should be instructed on the theories of the case finding reasonable support in the evidence. Eck v. Helene Curtis Industries, Inc., 9 Ariz.App. 426, 453 P.2d 366 (1969), Mississippi Winn-Dixie Supermarkets v. Hughes, 247 Miss. 575, 156 So.2d 734 (1963).

■ Our Supreme Court has held that the doctrine of "strict tort liability" applies in Arizona. O. S. Stapley Company v. Miller, 103 Ariz. 556, 447 P.2d 248 (1968). Both our Supreme Court and this Court, O. S. Stapley Company v. Miller, 6 Ariz. App. 122, 430 P.2d 701 (1967); Eck v. Helene Curtis Industries, Inc., supra, have tended to use the terms "products liability" and "strict torts liability" interchangeably. To be more precise it should be noted that the term "products liability" is simply a descriptive term which is applied to a type of action brought to recover for injuries or damages sustained by the use of a product. Products liability can cover an action for negligence in the manufacture of a product (MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696 [1916]); breach of warranty as in our Arizona Supreme Court case of Colvin v. Superior Equipment Company, 96 Ariz. 113, 392 P.2d 778 (1964); or a case of strict tort liability as described in § 402A of the Restatement of Torts (Second). See Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049 (1962).

■ In the instant case we are dealing with the doctrine of "strict liability in tort" which is merely one theory of recovery under the wide umbrella of "products liability". The Restatement of Torts (Second), § 402A, reads as follows:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in ₀the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

Strict tort liability is not assumed by agreement but imposed by law for reasons of public policy.

In the instant case Otis Elevator manufactured and sold to J. C. Penney an esca-

lator knowing it would be used by others without inspection for defects by the people so using. The testimony indicated that the escalator was sold and installed by Otis Elevator Company in 1952. The evidence does not indicate a change or alteration in the design or workings of the escalator since that time. Based upon the evidence the jury might well be justified in finding against Otis Elevator on the theory of strict tort liability.

■ Defendant Otis contends, however, that the theory of strict tort liability does not apply where the product has been misused:

"A product is not in a defective condition when it is safe for normal handling and consumption. If the injury results from abnormal handling * * * the seller is not liable." Restatement of Torts (Second), § 402A, Comment (h).

As to what is normal handling or abnormal handling can be determined by answering the question: "Is it reasonably foreseeable that the product will be handled or used in the manner described?" In the instant case we must answer yes. It is reasonably foreseeable that a 6-year-old boy will not only use the escalator but will be understandably curious about its operation. It is reasonably foreseeable that he might try to poke his finger or hand in the area between the moving handrail and the handrail guard, and we do not believe this conduct on the part of a 6-year-old child can be considered "abnormal handling".

■ Of course, Otis is entitled to show that J. C. Penney Company or others have materially changed or altered the product after installation or that it was put to a use not reasonably contemplated by the manufacturer (O. S. Stapley Company v. Miller, supra). Under the facts in this case we hold that the plaintiff was entitled to an instruction on the theory of strict tort liability and it was error to refuse plaintiff's request.

The order granting new trial as to the defendant J. C. Penney Company is affirmed. The judgment in favor of the defendant Otis Elevator Company is reversed and remanded for new trial.

DONOFRIO, C. J., and STEVENS, J., concur.