500 P.2d 314

**Manfred R. WETZEL, Appellant,**

v.

**COMMERCIAL CHAIR COMPANY, a foreign corporation doing business in the State of Arizona, and PBSW Corporation, an Arizona corporation, Appellees.**

**No. 1 CA–CIV 1743.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 24, 1972.

Rehearing Denied Sept. 26, 1972.

Review Denied Oct. 31, 1972.

Manfred R. Wetzel, in pro. per.

O'Connor, Cavanagh, Anderson, Westov-er, Killingsworth & Beshears, by George H. Mitchell, Phoenix, for appellee Commercial Chair Co.

Snell & Wilmer, by Roger W. Perry, Phoenix, for appellee PBSW Corp.

EUBANK, Judge.

This appeal raises the question of which statute of limitations applies to a claim

arising from injuries suffered as a result of a defective product (strict liability): negligence, or contract. The trial court applied the two-year statute, A.R.S. § 12–542,[1] in granting appellees summary judgments, while the appellant (plaintiff below) contends that the four-year statute, A.R.S. § 12–550,[2] should control.

The facts are not in dispute. On September 25, 1967, the appellant, an attorney at law, purchased an office chair from the appellee PBSW Corporation, hereafter "PBSW", which was manufactured by the appellee Commercial Chair Company, hereafter "Commercial". On November 1, 1967, the chair broke, causing appellant certain personal injuries. On November 14, 1967, the appellant returned the chair to PBSW and received full credit for his $46.80 purchase price. Over three years later, on November 2, 1970, the appellant filed his complaint against PBSW and Commercial alleging that they were responsible for his injuries and had breached a duty owed him in the areas of negligence, products liability, breach of contract and breach of warranty. Following pretrial discovery both PBSW and Commercial moved for summary judgment on the basis of A.R.S. § 12–542, and the trial court granted them each a separate summary judgment. Appellant appeals from both judgments. We will consider each summary judgment separately.

## COMMERCIAL SUMMARY JUDGMENT

The strict liability of a manufacturer for injuries caused by its defective products, introduced into the stream of commerce for sale, is established law in Arizona, O. S. Stapley Co. v. Miller, 103

.1. § 12–542 Injury to person; injury when death ensues; injury to property; conversion of property; forcible entry and forcible detainer; two year limitation; exception
A. Except as provided in subsection B, there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

1. For injuries done to the person of another.

2. § 12–550. General limitation
Actions other than for recovery of real property for which no limitation is otherwise prescribed shall be brought within four years after the cause of action accrues, and not afterward.

Ariz. 556, 447 P.2d 248 (1968); and any person injured as a result of such a product has a claim against the manufacturer under the doctrine of "Products Liability" or "Strict Tort Liability". O. S. Stapley Co. v. Miller, supra; Bailey v. Montgomery Ward And Company, 6 Ariz.App. 213, 431 P.2d 108 (1967); 11 Ariz.L.Rev. 173, Law Note—Products Liability (No. 1— 1969). No contractual relationship such as privity is required, and the claim is based on tort law not contract law. O. S. Stapley Co. v. Miller, supra; Bailey v. Montgomery Ward And Company, supra. *See, also* Morrow v. Trailmobile, Inc., 12 Ariz. App. 578, 473 P.2d 780 (1970); Restatement of Torts, (Second) § 402 A.

As stated, the appellant's complaint advances four theories of recovery for his personal injuries—strict liability, negligence, breach of contract and breach of warranty. This multi-faceted pleading raises the question of whether his basic cause of action, or claim, lies in contract or in tort, and whether it constitutes a single claim or multiple claims.

This question was answered by Division 2 of this Court in Bailey v. Montgomery Ward And Company, supra, by its holding that the act complained of constitutes a single claim or cause of action in tort. The Court said, in part:

"[2] Liability for product inflicted injuries in many jurisdictions has undergone an exodus from its involvement in contract law and has returned to rest upon its logical basis, tort law. Breach of warranty liability for personal injuries caused by defective products evolved from action on the case in the nature of deceit. See Shippen v. Bowen, 122 U.S. 575, 7 S.Ct. 1283, 30 L.Ed. 1172 (1887). Dean Prosser has commented:

'All this [talk of contract] is pernicious and entirely unnecessary. No one doubts that, unless there is privity, liability to the consumer must be in tort and not in contract. There is no need to borrow a concept from the contract law of sales; and it is "only

by some violent pounding and twisting" that "warranty" can be made to serve the purpose at all. Why talk of it? If there is to be strict liability in tort, declare it outright, without an illusory contract mask. Such strict liability is familiar enough in the law of animals, abnormally dangerous activities, nuisance, workmen's compensation, and respondeat superior.' 69 Yale Law Journal 1099, 1134 (1960).

We agree that personal injuries caused by defective products should be based upon tort law. We deem it unnecessary to trace the historical development of tort liability in product liability cases. See Prosser, The Implied Warranty of Merchantable Quality, 27 Minn.Law Rev. 117 (1943); Restatement (Second), Torts § 402A, Comment b; and Greenman v. Yuba Power Products Co., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1962)" (6 Ariz.App. at 215–216, 431 P.2d at 110–111).

The case of Greenman v. Yuba Power Products Co., supra, also discussed at 13 A.L.R.3rd 1049, relied on in Bailey, is the intellectual basis for our Supreme Court's opinion in O. S. Stapley Co. v. Miller, supra. In Greenman, Chief Justice Traynor said:

"Although in these cases strict liability has usually been based on the theory of an express or implied warranty running from the manufacturer to the plaintiff, the abandonment of the requirement of a contract between them, the recognition that the liability is not assumed by agreement but imposed by law * * * make clear that the liability is not one governed by the law of contract warranties but by the law of strict liability in tort.

" * * * 'The remedies of injured consumers ought not to be made to depend upon the intricacies of the law of sales.' " (27 Cal.Rptr. at 701, 377 P.2d at 901).

*Cf.* Estabrook v. J. C. Penney Co., 10 Ariz.App. 114, 117, 456 P.2d 960 (1969), vacated 105 Ariz. 302, 464 P.2d 325 (1970.)

We believe that the thrust of these cases is that regardless of the pleading "tag" that we apply to a claim for personal injuries arising out of the sale of defective products, the claim in its essence is simply one of strict liability in tort. This is patently reasonable, in our view, because the basic issues raised are primarily the same —the sale of a defective product, the injury resulting therefrom, and the damages. The appellant was injured once and is entitled to recover his damages flowing from the injury one time only.

We hold therefore that the trial court properly applied the two-year personal injury statute of limitations A.R.S. § 12–542 to the facts of this case and we affirm the Commercial summary judgment.[3]

## PBSW SUMMARY JUDGMENT

We separated this summary judgment from the Commercial judgment because of the different facts involved. PBSW, as retailer, sold the defective chair to the appellant. He was injured by it and returned the chair to PBSW and received full credit for it.

The complaint in COUNT I alleges the same causes of action or claims against PBSW as heretofore discussed in relation to Commercial. However, the fact of the return of the chair to PBSW is alleged to have constituted a rescission of the contract by operation of law. A.R.S. § 44–269[4] (Uniform Sales Act § 69) which was in effect at the time reads, in part, as follows:

"A. Where there is a breach of warranty by the seller, the buyer may, at his election:

* * * * * *

4. Rescind the contract to sell or the sale and refuse to receive the goods or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid.

B. When the buyer has claimed and been granted a remedy in any one of these ways, no other remedy can thereafter be granted."

* * * * * *

Both Greenman v. Yuba Power Products Co., supra, and Bailey v. Montgomery Ward And Company, supra, dealt with the relationship of the Uniform Sales Act to strict liability or products liability cases. Both cases concluded that the Uniform Sales Act was irrelevant to such a claim because it is based in tort. We agree, and although it is true that in an action concerning the product itself, a rescission would have been held to occur so as to preclude any subsequent contractual claim, such a rescission does not negate a cause of action or claim for injuries resulting from the use of the product on the basis of strict liability in tort.

At this point then, the PBSW summary judgment is exactly like that of Commercial, and adopting the reasoning above, we affirm the trial court's summary judgment in favor of PBSW on the basis that the two-year personal injury statute of limitations, A.R.S. § 12–542, was properly applied.

Both judgments are affirmed.

HAIRE, C. J., Division 1, and JACOBSON, J., concur.

---

3. The Uniform Sales Act was replaced by the Uniform Commercial Code (Laws of 1967, Chapter 3) effective Jan. 1, 1968. The U.C.C. does not affect the facts in the instant case, therefore we have not discussed the possible application of A.R.S. §§ 44–2393, 44–2394 and 44–2404 to the facts of this case.

4. See footnote 3, supra.