574 P.2d 47

AMPHITHEATER PUBLIC SCHOOLS, a School District, and Duane Francom and Caroline Francom, husband and wife, as a community, jointly and severally, Appellants,

v.

Helen Juanita EASTMAN, a single woman, Appellee.

No. 2 CA–CIV 2532.

Court of Appeals of Arizona, Division 2.

Nov. 2, 1977.

Rehearing Denied Dec. 20, 1977.

Review Denied Jan. 24, 1978.

Stephen D. Neely, Pima County Atty. by Lawrence Ollason, Sp. Deputy County Atty. for School Affairs, Tucson, for appellants.

Verity, Smith, Lacy, Allen & Kearns, P. C. by Bruce F. Rinaldi, Tucson, for appellee.

## OPINION

RICHMOND, Judge.

This is an appeal from a superior court judgment reversing an arbitration award in favor of appellants.

The facts viewed in the light most favorable to sustaining the judgment are as follows. Appellant Duane Francom was an instructor in an auto mechanics program conducted by appellant Amphitheater Public Schools. As part of the program, cars owned by students and their families were serviced for a fee. After appellee had left her car for an assessment of needed repairs, Francom asked a student to notify appellee's son that he should pick up his mother's car that day, a Friday. Francom stated in front of 15 other students that he would leave the keys in the ignition so the car could be picked up even after he left work at 4:00 p. m. Over the weekend the car was stolen from a fenced compound; it was later found abandoned in the desert and sold for salvage. A locking device on the steering column would have prevented removal of the car without the ignition key.

The trial court found that Francom and his employer as bailees failed to exercise due care, and that Francom's negligence proximately caused $850 property damage to appellee's car. *See Cordell Ford Company v. Mullis*, 121 Ga.App. 123, 173 S.E.2d 120 (1970). If there is any reasonable evidence to support the judgment of the trial court, it will be sustained. *Polk v. Koerner*, 111 Ariz. 493, 533 P.2d 660 (1975). From the foregoing facts, the trial court determined that the bailment had not terminated at the time the car was stolen, and that Francom was negligent. The evidence supports those findings and the judgment.

Appellee seeks attorney's fees on appeal under A.R.S. § 12–341.01[1] on the theory that her claim arose out of a contract of bailment. Her complaint contains one count in negligence and another alleging breach of the bailment contract in the negligent failure to care for her car. Regardless of the label on the second count, the essence of her claim is negligence, and the statute has no application. *See Wetzel v. Commercial Chair Company*, 18 Ariz.App. 54, 500 P.2d 314 (1972).[2] If the cause of action arises from a breach of promise set forth in the contract, the action is ex contractu, but if it arises from the breach of duty growing out of the contract, it is ex delicto. *See Eads v. Marks*, 39 Cal.2d 807, 249 P.2d 257 (1952).

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

---

1. "§ 12–341.01. Recovery of attorney's fees

"A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. . . ."

2. We expressly decline to decide whether § 12–341.01 applies to costs on appeal as well as in the trial court.