680 P.2d 203

**Joan A. KELLOGG, Individually and as mother, next friend and natural Guardian of Timothy J. Kellogg, a minor, Plaintiff/Appellant,**

v.

**WILLY'S MOTORS, INC., a corporation; Jeep Corporation, a corporation; Kaiser Jeep Corporation, a corporation; Willy's Jeep Corporation, a corporation; Willy's Corporation, a corporation; Jeep Corporation, a wholly owned subsidiary of American Motors, Inc., and the A.M.C. Corporation of America and Edward Allen Kinkade, an individual, Defendants/Appellees.**

No. 2 CA–CIV 4978.

Court of Appeals of Arizona,
Division 2.

April 3, 1984.

**68**

Robert Q. Hoyt, Tucson, for plaintiff/appellant.

Carl E. Hazlett, Tucson, for defendants/appellees.

## OPINION

HATHAWAY, Judge.

Appellants/plaintiffs appeal from the granting of summary judgment for appellee/defendant, Willy's Motors, Inc., in this lawsuit which alleges that property damage and personal injuries were caused by a vehicle that was defectively made. The plaintiffs' position is that the statute of limitations for product liability actions does not bar this cause of action which is based on negligence. We agree.

On February 18, 1979, plaintiffs' vehicle was struck by a 1959 Jeep owned and driven by Kinkade. Plaintiffs' complaint was filed on February 17, 1981, alleging that personal injuries and property damage resulted from the accident. Plaintiffs allege that the vehicle was manufactured prior to 1960 and was defectively made and rendered unreasonably dangerous in that, when a wheel came off the Jeep, the entire braking system ceased functioning, causing the disabled Jeep to run a red light and collide with plaintiffs' vehicle.

Willy's Motors, Inc. filed a motion to dismiss, contending the claim was barred by the statute of limitations which provides:

"A.R.S. § 12–551. Product liability. A product liability action as defined in § 12–681 shall be commenced and prosecuted within the period prescribed in § 12–542, except that no product liability action may be commenced and prosecuted if the cause of action accrues more than 12 years after the product was first sold for use or consumption, unless the cause of action is based upon the negligence of the manufacturer or seller or a breach of an express warranty provided by the manufacturer or seller."

The motion to dismiss was unopposed and was granted. The judgment of dismissal granted plaintiffs five days in which to file an amended complaint based on negligence and recognized that defendant waived no defenses to the amended complaint.

Plaintiffs filed an amended complaint on May 15, 1982, alleging negligence. A defense motion for summary judgment was filed on January 17, 1983, contending primarily that this is a product liability case governed by the same statute of limitations that served as the basis for dismissal of the initial complaint. The motion urged that if there was negligence it occurred in 1959 and any action is barred. Plaintiffs responded that alternative braking systems which would not fail were available to defendant in 1959 and that it was negligent in not utilizing such systems. The affidavit

of Marvin Martin, a registered professional engineer, confirmed this. Plaintiffs contended that no statute of limitations problem existed since the cause of action accrued only at the time of the tort, i.e., the date of injury in February 1979.

In granting defendant's motion for summary judgment, the trial court's explanatory minute entry provided:

"The Court notes the following statutes: A.R.S. § 12–681, Paragraph 3, includes in its definition the following: 'product liability action' is '*ANY* action brought against a manufacturer or seller of a product for damages for bodily injury ... caused by or resulting from the manufacturer, construction, DESIGN ... installation, preparation, assembly, testing ... sale, use, or consumption of ANY product, the failure to warn OR PROTECT AGAINST A DANGER OF HAZARD IN THE USE or misuse or [sic] the product, of the failure to provide proper instructions for the use ... of any product.

A.R.S. § 12–681, Paragraph 4, defines reasonable, feasible alteration modification or use ... 'as an alteration modification or use ... of the product which would be expected of an ordinary and prudent purchaser, user or consumer and which an ordinary and prudent manufacturer should have anticipated.'

The statute defines manufacturer, product, seller and state of the art.

A.R.S. § 12–551 is the statute of limitations imposed by the State on product liability actions.

Merely labeling a cause of action as negligence does not remove it from a statute which specifically provides that a product liability cause of action is *ANY* action that comes within the purview of the statute.

A products liability action is such an action no matter what name attaches. The Court concludes further that as a matter of law that the statute of limitations has run.

The Court concludes as a matter of law that this is a products liability action. WHEREFORE,

IT IS HEREBY ORDERED that the motion of defendant Willy's Motors, Inc., for summary judgment is GRANTED."

We agree with the trial court's conclusion of law that this is a products liability action as defined in A.R.S. § 12–681.[1] We also agree that A.R.S. § 12–551 is the basic statute of limitations in product liability actions. That section incorporates the two-year limitation period prescribed in § 12–542[2] for commencing an action, with a 12-year limitation exception which would apply "unless the cause of action is based upon the negligence of the manufacturer or seller or a breach of an express warranty provided by the manufacturer or seller." We find the instant case falls within this latter provision, in effect the exception to

1. "A.R.S. § 12–681. Definitions.

In this article, unless the context otherwise requires:

\* \* \* \* \* \*

3. 'Product liability action' means any action brought against a manufacturer or seller of a product for damages for bodily injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, sale, use or consumption of any product, the failure to warn or protect against a danger or hazard in the use or misuse of the product or the failure to provide proper instructions for the use or consumption of any product.

4. 'Reasonably foreseeable alteration, modification, use or consumption' means an alteration, modification, use or consumption of the product which would be expected of an ordinary and prudent purchaser, user or consumer and which an ordinary and prudent manufacturer should have anticipated."

2. "A.R.S. § 12–542. Injury to person; injury when death ensues; injury to property; conversion of property; forcible entry and forcible detainer; two-year limitation.

Except as provided in §§ 12–551 and 12–564, there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

1. For injuries done to the person of another.

\* \* \* \* \* \*

3. For trespass for injury done to the estate or the property of another."

**70**

the exception. The trial court may have overlooked this provision since it does not mention it. Interestingly, the defendant does not discuss it on appeal.

██ The minute entry indicates that the court perceived plaintiffs' argument to be that by "labeling the cause of action as negligence," it was removed from the ambit of the product liability statute, A.R.S. § 12–551. Indeed, the action is a product liability action and is governed by the statute. Product liability actions may proceed under different theories, i.e., strict liability, breach of warranty or negligence. See *Rocky Mountain Fire and Casualty Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 640 P.2d 851 (1982). If the action proceeds under the negligence theory, as plaintiffs have done in their amended complaint, the clear wording of the statute excludes it from the 12-year limitation and A.R.S. § 12–542 controls. The cause of action accrued when plaintiffs knew or, in the exercise of reasonable care, should have known of defendant's negligent conduct, or when a plaintiff is first able to sue. *Sato v. Van Denburgh*, 123 Ariz. 225, 599 P.2d 181 (1979). The legislature could have included all product liability cases in the 12-year provision of A.R.S. § 12–551. It specifically chose not to include product liability actions based on negligence or express warranty. Thus, the cause of action accrued on the date the injuries and property damage occurred.

We do not address the other arguments raised by defendant because we find them to be without merit and they do not appear to have been a basis for the trial court's holding.

The judgment of dismissal is reversed.

BIRDSALL, C.J., and HOWARD, J., concur.