708 P.2d 114

**Sharon Lee GATES (Wilson) and Dr. John A. Wilson, husband and wife, Plaintiffs-Appellants,**

v.

**LaBELLE'S DISTRIBUTION OF ARIZONA, INC., an Arizona corporation and Sony Corporation of America, a New York corporation, Defendants-Appellees.**

**No. 1 CA–CIV 7276.**

Court of Appeals of Arizona, Division 1, Department D.

Oct. 8, 1985.

Wade E. Church, P.C. by Wade E. Church, Phoenix, for plaintiffs-appellants.

Jack M. Anderson, P.C. by Jack M. Anderson and John S. Schaper, Phoenix, for defendants-appellees.

HAIRE, Judge.

The issue on appeal is whether a claim for damages allegedly caused by a defective product is subject to the two year statute of limitations provision for "product liability actions," established by A.R.S. §§ 12–542, 12–551 and 12–681(3), or the four year Uniform Commercial Code (UCC) statute of limitations provision for breach of contract actions as set forth in A.R.S. § 47–2725.

On October 16, 1978 the appellants (Gates) purchased a television set manufactured by appellee Sony from appellee La-Belle's. On December 17, 1978 the television set allegedly caught fire causing extensive damage to Gates' studio and destroying valuable art work and equipment. In November of 1981, approximately three years after the fire, Gates filed suit against both LaBelle's and Sony.

LaBelle's and Sony moved for summary judgment on Gates' second amended complaint urging that the claims were barred by the statute of limitations. The second amended complaint contained a count against Sony for breach of express warranty, and two counts against LaBelle's for breach of implied warranties. Eventually the trial judge granted the motions and entered summary judgment in favor of both Sony and LaBelle's. In his minute entry order the trial judge held:

> "The A.R.S. § 12–681 definition of a 'product liability action' covers damage to property as well as bodily injury resulting from the sale of any product. Plaintiff's claim must be considered a 'product liability action' and is thus barred in A.R.S. § 12–542. This is true regardless of the 'tag' that the Plaintiff puts on her pleadings."

Gates argues that the trial judge erred as a matter of law in applying the two year statute of limitations for product liability actions instead of the four year UCC statute of limitations which is applicable to

actions based upon breaches of contracts of sale. Gates insists that the product liability statute applies only to tort cases and since the second amended complaint sounds in contract (breach of express and implied warranties) and allegedly not in tort, the UCC statute of limitations controls.[1]

Historically, the question of whether the statute of limitations governing tort actions or the statute governing contract actions is applicable in product liability actions has given rise to considerable litigation, with no uniform conclusions. *See, e.g.,* Anno., 17 A.L.R.3d 1010, § 60(b) (1968). The question has been answered legislatively in Arizona, with the enactment in 1978 of various statutory provisions. *See* Laws 1978, Ch. 19. To the extent that there is any conflict between the provisions of the UCC statute (A.R.S. § 47–2725) and the later enacted provisions of Laws 1978, Ch. 19, the later enactments govern. *See State Board of Health v. Frohmiller,* 42 Ariz. 231, 23 P.2d 941 (1933).

A.R.S. § 12–681(3) defines "product liability action" as follows:

"'Product liability action' means any action brought against a manufacturer or seller of a product for damages for bodily injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, sale, use or consumption of any product, the failure to warn or protect against a danger or hazard in the use or misuse of the product or the failure to provide proper instructions for the use or consumption of any product."

A.R.S. § 12–551 states:

"A product liability action as defined in § 12–681 shall be commenced and prose-

cuted within the period prescribed in A.R.S. § 12–542, ...."

A.R.S. § 12–542 establishes that applicable cases "shall be commenced and prosecuted within two years after the cause of action accrues...."

By its terms A.R.S. § 12–681 labels as a "product liability action," any claim which is: (1) brought against a manufacturer or seller of a product, (2) for damages for bodily injury, death, or property damage, (3) caused by or resulting from the manufacture, construction, design, etc. The limitation provided by the above statute does not distinguish between actions based upon differing legal theories,[2] but rather focuses on the nature of the damages sought. *All* actions which satisfy the three elements delineated in A.R.S. § 12–681 are subject to the two year statute of limitations contained in A.R.S. § 12–542, regardless of whether they are otherwise *couched in tort or contract language.* The damages sought by Gates in the second amended complaint filed in this action were limited to damages for the destruction of property including the allegedly defective television set, thereby falling within the definition set forth in A.R.S. § 12–681(3).

Making the two year limitations period set forth in A.R.S. § 12–542 applicable to actions for "property damage" does not render the UCC statute nugatory in all cases resulting from breach of implied or express warranties. First, the product liability limitation statute is only applicable in actions involving a "seller" or "manufacturer" as defined in A.R.S. § 12–681. Second, as is apparent from Arizona case law, "property damage" as used in the statute was not intended to include actions based upon contractual breaches which result in "commercial" or "economic" losses such as lost profits or gains based upon a party's inability to use the product purchased

---

1. The UCC provision, A.R.S. § 47–2725, states, in relevant part:
   "A. An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued...."
   Although in this particular action the four year UCC statute would be the one most favorable to a plaintiff, in many, if not most instances, be-

cause of the stringent accrual provisions of the UCC (see A.R.S. § 47–2725(B)), the tort limitations statute *would be more favorable to a* plaintiff.

2. The statute concerns *"any action"* which evinces the three above-mentioned characteristics.

(here, the television set). *See, e.g., Rocky Mountain Fire and Casualty Co. v. Biddulph Oldsmobile,* 131 Ariz. 289, 640 P.2d 851 (1982); *Beauchamp v. Wilson,* 21 Ariz. App. 14, 515 P.2d 41 (1973); *Wetzel v. Commercial Chair Company,* 18 Ariz. App. 54, 500 P.2d 314 (1972). Gates' assertion that she seeks "lost profits" which she might have made upon the future sale of pictures destroyed in the fire does not suffice to bring her claim under the umbrella of the UCC limitations statute. "Loss of profits" refers to money lost due to inability to use the defective product. *See, e.g., American Telephone & Telegraph Co. v. Connecticut Light & Power Co.,* 470 F.Supp. 105, 108 (D.Conn.1979). The "lost profits" Gates seeks are merely a part of the market value of the property destroyed and comprise "property damage" within the meaning of A.R.S. § 12–681(3).

The issue of whether damages resulting from the partial or total destruction of the specific item purchased falls within the confines of a product liability action can present difficult questions. The concepts involved are thoroughly discussed in *Arrow Leasing Corp. v. Cummins Arizona Diesel,* 136 Ariz. 444, 666 P.2d 544 (1983). We need not address that issue in this opinion, however, since on oral argument appellees have conceded their liability for damages resulting from the destruction of the television set.[3]

In summary, we conclude that Gates' claim pertains to property damage allegedly caused by the fire, and thus is subject to the two year statute of limitations set forth in A.R.S. § 12–542. We affirm the trial court's summary judgment as it pertains to all property damage other than the television set. Since appellees have conceded their liability for the damage to the television set, this case is remanded for a determination of the extent of that liability. Each party is to bear its own attorney's fees on appeal.

MEYERSON, P.J., and GRANT, J., concur.

3. We note that in the trial court, appellee Sony did not even request summary judgment as to the count of Gates' complaint which requested damages pursuant to an express warranty relating to the repair or replacement of the television set.